PER CURIAM.
Glenn E. Padgett, M.D., appeals a final judgment entered following a jury verdict in favor of appellees, Edward Sims and Barbara Ann Sims, in their medical malpractice action against appellant based upon his alleged misdiagnosis of Mr. Sims’ colon cancer. We find no error and affirm the trial court with respect to all issues raised on appeal. We write only because one of the appealed issues raises a matter of first impression in this district concerning the requirements for an expert witness under section 766.102, Florida Statutes (1995).
Dr. Padgett, a family practice physician in Marianna, Florida, argues that the trial court erred in admitting the testimony of Howard Able, M.D., as appellees’ expert witness under section 766.102(2), Florida Statutes (1995). Appellant contends that under section 766.102(2)(a)[1] Dr. Able, an internal med *358 icine physician who practices m Hollywood, Florida and specializes in medical oncology and hematology, was not qualified to render an opinion as to the standard of care for a family practitioner in Marianna. Dr. Pad-gett submits that a similar health care provider who would be qualified to testify against him must be trained and experienced in family practice and practice in a community similar to Marianna.
If section 766.102(2)(a) were the only statutory provision governing this issue, we might agree with appellant’s argument. Regardless of our reading of section 766.102(2)(a), however, Dr. Able clearly qualifies as an expert witness under the more general provisions of section 766.102(2)(c)2. See Green v. Goldberg, 630 So.2d 606 (Fla. 4th DCA 1993); Catron v. Roger Bohn, D.C., P.A., 580 So.2d 814 (Fla. 2d DCA 1991). In section 766.102(2)(c),[2] the legislature has provided that a proposed expert witness who does not qualify as “a similar health care provider” may nevertheless testify as an expert if the witness “possesses sufficient training, experience, and knowledge ... in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine.” Here, as in Green, a general practitioner was alleged to have negligently misdiagnosed cancer (colon cancer here, and breast cancer in Green). See Green, 630 So.2d at 608-09. In the instant case, Dr. Padgett was not practicing outside of his family practice discipline and, therefore, was not subject to the oncologist’s standard of care. The central issue here, as in Green, concerns the defendant physician’s misdiagnosis of cancer. Thus, the testimony of a specialist in oncology who is experienced in diagnosing colon cancer is admissible under section 766.102(2)(c)2 as the testimony of a health care provider in a related field of medicine concerning the prevailing professional standard of care applicable to a family practice physician who is treating a patient with the symptoms presented by Mr. Sims in the instant case. Id. at 608-09; see also Catron, 580 So.2d at 821 (Altenbernd, J., concurring).
In affirming this issue based upon our reading of section 766.102(2)(e)2, we find it unnecessary to address whether the final sentence of section 766.102(2)(b)[3] should be interpreted to apply to section 766.102(2)(a), an issue thoroughly discussed in Judge Campbell’s majority opinion and Judge Al-tenbernd’s concurring opinion in Catron. See Catron, 580 So.2d at 818 and 580 So.2d at 820-22 (Altenbernd, J., concurring).
AFFIRMED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.

. Section 766.102(2)(a), Florida Statutes (1995), provides:
If the health care provider whose negligence is claimed to have created the cause of action is *358 not certified by the appropriate American board as being a specialist, is not trained and experienced in a medical specialty, or does not hold himself out as a specialist, a "similar health care provider” is one who:
1. Is licensed by the appropriate regulatory agency of this state;
2. Is trained and experienced in the same discipline or school of practice; and
3. Practices in the same or similar medical community.

. Section 766.102(2)(c), Florida Statutes (1995), provides:
The purpose of this subsection is to establish a relative standard of care for various categories arid classifications of health care providers. Any health care provider may testify as an expert in any action if he:
1. Is a similar health care provider pursuant to paragraph (a) or paragraph (b); or
2. Is not a similar health care provider pursuant to paragraph (a) or paragraph (b) but, to the satisfaction of the court, possesses sufficient training, experience, and knowledge as a result of practice or teaching in the specialty of the defendant or practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine. Such training, experience, or knowledge must be as a result of the active involvement in the practice or teaching of medicine within the 5-year period before the incident giving rise to the claim.

. The last sentence of section 766.102(2)(b), Florida Statutes (1995), provides:
However, if any health care provider described in this paragraph is providing treatment or diagnosis for a condition which is not within his specialty, a specialist trained in the treatment or diagnosis for that condition shall be considered a "similar health care provider."